IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID GADSDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-933-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) ) | |
| | ) | |
| Respondent. | ) | |

# **ORDER**

Before the court are the Magistrate Judge's Recommendation that Petitioner David Gadsden's 28 U.S.C. § 2255 motion be denied (Doc. # 27) and Mr. Gadsden's objection to the Recommendation (Doc. # 37).

On May 5, 2014, Petitioner David Gadsden pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. His offense involved opening or causing others to open bank accounts with minimum deposits and using bad checks from those accounts to purchase items from various businesses. On November 6, 2014, Mr. Gadsden was sentenced to 120 months in prison. (*See* Doc. 27, at 1.) Subsequently, Mr. Gadsden filed a motion pursuant to 28 U.S.C. § 2255. He argued that his trial counsel rendered ineffective assistance of counsel because (1) he failed to object to the district court's loss-amount calculation on the ground it

was not supported by sufficient evidence, (2) he admitted that the loss amount was "definitely above $400,000," (3) he failed to object to the number of victims attributed to Mr. Gadsden in determining his sentence, and (4) he did not request a role reduction to Gadsden's offense level based on his minimal or minor participation in the offense. Mr. Gadsden also faulted his appellate counsel for failure to raise issues (3) and (4) on appeal. (Doc. # 27, at 2.)

On March 29, 2018, the Magistrate Judge filed a Recommendation that Mr. Gadsden's 28 U.S.C. § 2255 motion be denied. (Doc. # 27.) The Recommendation considered each of these claims and found that Mr. Gadsden failed to demonstrate ineffective assistance of counsel. On June 7, 2018, after no timely objections were filed and based upon an independent review of the record, the court adopted the Recommendation, dismissed this action with prejudice, and entered final judgment. (Docs. # 33, 34.) After the entry of final judgment, Mr. Gadsden asked for and received an extension of time to file objections. Those objections have been filed (Doc. # 37), and the Order and Final Judgment have been vacated to permit consideration of the objections. Having independently reviewed the record and conducted a *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b)(1)(C), the court finds that the objections lack merit for the following reasons.

In his objections, Mr. Gadsden reargues his claim that his trial counsel rendered ineffective assistance of counsel as pertains to the sentencing court's loss-amount calculation. Objecting to the sentencing court's methodology to determine that the loss amount was $1,000,000, Mr. Gadsden argues that it was speculative. (Doc. # 37, at 8–40.)

Mr. Gadsden's objection adds nothing new to the arguments already considered and discussed in the Magistrate Judge's Recommendation. As noted in the Recommendation, the sentencing court could reasonably conclude that the Government's expert witness used a reasonable method to identify the nearly 200 individuals who passed worthless checks to identified businesses; that those individuals participated in the conspiracy organized and directed by Mr. Gadsden and his brother; and that the losses reported by the businesses were attributable to Mr. Gadsden.

Mr. Gadsden neither demonstrates that the loss attributed to him was improperly calculated nor identifies a plausible argument or any evidence that his trial counsel should have presented that was reasonably likely to change the loss determination. He fails to show that the sentencing court's methodology for determining loss was unreasonable or based on speculation, or that the evidence presented by the government through the expert was vague or unreliable. More particularly, and as noted in the Recommendation, Mr. Gadsden identifies no

plausible argument supporting a loss determination of $400,000 or less (the only determination that could affect his sentence).

Mr. Gadsden also reargues his claim that his trial counsel rendered ineffective assistance by failing to maintain an objection to the number of victims attributed to him at sentencing and that his appellate counsel was ineffective for failing to assert this issue on appeal. (Doc. # 37, at 40–44.)

The presentence investigation report ("PSI") — and Government exhibits admitted at sentencing — contained a spreadsheet listing the 120 known victims of the bad-check scheme and the monetary amounts for the bad checks passed to each victim. Of the listed victims, 116 were retail-type businesses, while 4 were check-processing companies used by some businesses and responsible for covering the losses of those businesses that used them. Mr. Gadsden reasserts the argument he made in his § 2255 motion that the check-processing companies covered the losses of the businesses victimized by the bad-check scheme. However, other than in his self-generated (and wholly self-serving) exhibits purporting to show that the victimized businesses had their losses covered, Mr. Gadsden presents no evidence that the 116 retail-type businesses that sustained losses from the bad checks passed to them in the conspiracy were reimbursed, fully or partially, by the check-processing companies or any other third party.

As noted in the Recommendation, the monetary amounts for the bad checks passed to the 116 retail-type businesses listed on the spreadsheet in the PSI (and in Government exhibits admitted at sentencing) were separate from the listed monetary amounts that the check-processing companies paid out to the businesses whose losses were covered by the check-processing companies. Further, and as also noted in the Recommendation, the restitution ordered by the district court — $1,000,000 — was based on the actual losses of the 120 victims reflected in the PSI and in the Government's exhibits. It is obvious from the district court's restitution order that 50 or more businesses/victims had not been reimbursed when Mr. Gadsden was sentenced. Mr. Gadsden's victim-reimbursement argument is meritless, and his counsel was not ineffective for failing to present it.

For the foregoing reasons, it is ORDERED as follows:

(1) Petitioner David Gadsden's objections are OVERRULED;

(2) The Recommendation (Doc. # 27) is ADOPTED;

(3) The 28 U.S.C. § 2255 motion filed by Mr. Gadsden is DENIED; and

(4) This action is DISMISSED with prejudice.

A final judgment will be entered separately.

DONE this 14th September, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE